Appellant. Mr. Olshansky for the Appellant. Ms. Gurley for the Appellee. May it please the Court, the issue before the Court is whether or not initially the Court should consider the merits of this appeal from a sentencing decision in the lower court. The government's argued that because the defendant waived his right to appeal that there are no circumstances in which the government should go to the second issue of whether or not the court used the proper procedures and reached the correct conclusion with respect to the defendant's sentencing in the lower court. We would suggest to the Court that the cases cited by the government, including its major case, allows for a waiver of an appellate right, an appeal of a sentencing within the statutory range, when it is imposed under fair procedures. And we emphasize that in our reply brief, that our suggestion is that there was never an understanding between the defendant and the prosecutors in this case in which he believed that he had waived his right to appeal what he considered to be an unfair sentencing. If there was no such agreement, then isn't the only remedy available to us to void the plea agreement? Is that what your client is asking for? Yes. Void the entire plea agreement? At least with respect to the issue of the sentencing. The appellate waiver. But can we do that? Can we void only that and not the entire plea agreement? Well, the government's suggestion is that the Court allow the appeal to be denied because of the fact that the trial court in its decision, as an alternative, decided that if its calculation with respect to the credit to be given, if any credit was to be given to the defendant based upon work that he performed, which benefited the corporation, even though he admitted that the corporation did not have the right to appeal, the court would allow the appeal to be denied. And if the corporation was not going to pay for that, if it knew that the companies that he had employed to do this extra work, which was necessary for the company's computer systems to operate correctly, even though he acknowledged in the plea agreement that the corporation, if it found out that he was actually the companies and was billing for work that the companies performed as independent contractors, that in that instance, they would still not allow him to appeal. They would not allow him to have credit for that. But you were talking about the appeal waiver and why you shouldn't be barred by the appeal waiver in the plea agreement. And I was asking you just a very specific remedial question, whether it is your position that we have the authority to void only the appeal waiver provision of the plea agreement, or whether if there's a defect that your client didn't understand, wasn't knowing involuntary entry into the plea agreement, doesn't that take the whole agreement down? And I'm wondering whether that is your position. Were we to agree with you that that proportion is invalid, do we have any choice but to just invalidate the whole agreement? I think you can sever the provision. Do you have any authority for that? I don't. But I think that... I'll give you one. All right. If you're interested. I would like one. Well, that's what we did in the United States v. Godoy. We filed no waiver for pretty much exactly the same reason you're arguing here, and then we went on to address the appeal. But we did not address the question that Judge Pillard was raising, which is whether that appeal waiver was an integral part of the plea altogether, the consequence of which arguably could be reducing the whole thing. Certainly I'd expect the government to be up here and... They haven't asked for this, right? Their response has not been, well, if you do that, the whole thing goes down. Their response is simply that the waiver is good. Is still good. That's their response. And they're basing that upon policy and also upon the decisions with respect to waiver in which the Courts of Appeals have ruled that these waivers are bargains that are freely made and are of an advantage to both the government and the defendant in the terms of the degree of the plea offer, the extent of the plea offer that's made, takes into consideration the government's understanding that there's not going to be a waiver. The bigger problem here is this is not, if somebody wants to get out of a plea with the government, but the judge made a mistake in the directions during the taking of the plea, it seems like that might raise a different issue than if the defendant simply has decided that he doesn't like the plea. I think that's the difficult question for the Court to decide, is that although the Courts have said that the voluntariness of a plea and the understanding of the agreement should be examined by the district court, I think that's still subject to review by the Court of Appeals. And that's what we're suggesting, that what we're saying is that there really was no understanding or meaning of the minds with respect to the waiver. Where's the evidence on that? What's the evidence that the defendant didn't understand the meaning of the waiver? I think that even though the record establishes, wrote answers to questions about his understanding of the plea, that throughout the course of the plea agreement and the subsequent sentencing, the counsel and the defendant both were of the opinion that... Where does it say that, that the counsel? I didn't read anywhere where the defendant was of the opinion that he committed to appeal. Well, I think it's clear that the argument of his counsel, which I think the defendant should be... The argument of the counsel is he disagrees with the government about the correct... Right. Right? Yes. I don't think there's any dispute he's allowed to disagree about the correct guideline. The question is whether if he loses that dispute he's allowed to appeal. There's nothing in the record to suggest he thought he would be allowed to appeal that he thought he would be allowed to appeal if he lost that battle. Is there? Well, not... We would suggest in the... What confused the defendant in this case is that prior to the sentencing, the district court... Yes, it's what the district court said is what you're relying on. Not what anything that the defendant said. Right. Okay. Can I ask you about the merits question then? On the merits, you say that there was a benefit and it should have been used as a credit, right? Yes. And what do you say to the point that your client agreed to the statement of the offense and in the statement of defense of the offense he agreed that he decided to use his private company as a way to collect additional compensation for the work that he was being paid to perform and that he knew that the non-profit would not have approved any payments to that private company? That is what the district court relies on. The district court says he agreed to do this work as an employee, all of the work, for a set pay. And then he got additional money from, by working out this fraud where there was an unapproved contract to a company he controlled. I think... Why isn't your admission, your client's admission in the statement of offense the end of the case? Well, because even though he admits it, he still argues for the credit. And I think that... That may be, but his admission goes against him. So he made an argument and he lost. But what's his argument for winning? Well, the winning argument is that in spite of what he answered, in spite of his replies in the district court and his admissions in the plea agreement, he still was of the opinion, which was expressed before sentencing and all during the course of the proceeding, that he believed there was a credit that should be accrued to him. So you have to piggyback on the district court's statement confusing what was available on appeal. Yes. So what do you do with the district court's alternative argument? Not argument. Alternative suggestion that if... Alternative holding. That even if your client is correct that he deserves this credit, the district court said it would still sentence him to 24 months. It's hard to get around that, Your Honor. What does that mean? Well, I don't have a good argument other than the fact that we would suggest that if it was remanded for a recalculation as to whether or not the credit should be accrued to him, that the district court might well not decide to sentence him. The district court gets it back from us and says, I've already decided this. Yes. Why did the court of appeals send it back to me? Well, it may question just that. Maybe that would be a reason for it not to sentence him to the 24 months under the... I don't understand that at all. What sense is that? Well, it's as much sense as allowing him to appeal when he's waived his right to appeal. Effectively, we're here... I thought you were saying both of your arguments don't make sense. Is that what you said? Yeah, no, he didn't say that. Well, no. I didn't mean that. No, I didn't. But, I mean, practically, that's where we're at. Okay. So, in the United States v. Thompson, we did what Judge Rogers said, which is when the district judge came up with an alternative and said, even if I'm wrong on the guidelines, under Booker, I have the authority to make... Well, that was pre-Booker even. Right. I didn't even have the authority. Now, after Booker, the district court did have the authority. I would reach the same result. We didn't send it back. We just affirmed on an alternative ground. Well, that may be a choice that the court would decide in this case as well. Okay. Other questions? Thank you. Thank you. We'll hear from the judge. Good morning, Your Honors, and may it please the Court. My name is Adrienne Gurley, and I represent the United States in this appeal. To address the waiver first, because the... Let me speak louder. I'm sorry. Because the appellant clearly and expressly waived his right to appeal the sentence in this case, the court should decline to even consider his challenge to his sentence. What do we do with... I think that he clearly did waive. That's clear in the plea agreement. But we have a statement by the district court, which seems to me identical to the statement that the district court made in Godoy, which we said did not properly advise the defendant that he couldn't appeal. So in Godoy, the statement was, you have given up... And this is at the plea hearing, the taking of the plea. You have given up your right to appeal, except should you come to believe, after consulting with counsel, that the court has done something illegal, such as, and did such and such a list, you will be able to appeal. And we said, well, that misled the defendant at the plea into believing that he might be able to appeal. And in this case, the district court used pretty much the same language. At page 9 of the hearing transcript, do you understand that by pleading guilty, you would still have the right to appeal the sentence if you believe the sentence is illegal? And at page 22, do you understand that under some circumstances, the government may have a right to appeal, and you may have the right, under some circumstances, if you don't like the sentence? And in Godoy, we said that kind of language means the waiver's off. And, Your Honor, I'm sorry, I don't know the facts of Godoy, and so I would have to get back to the court as far as the particulars of that case. But here, I don't think that the statements can be taken in a vacuum. When you have the statements of the court that he can appeal an illegal sentence, and you have an appellant in his plea agreement agreeing that a reasonable sentence is either 18 to 24 months or, as the government calculated, 24 to 30 months, you don't have an illegal sentence here. But that's the same language, same facts. Godoy wasn't cited by appellants, so... I'm not trying to put you on the spot, but that is a problem. But I would say, I notice your supervisor is here, and there's an important point in Godoy which says, the government could have objected at the hearing to the district court's mischaracterization, but it did not. And this is about, I'd say, I don't know how my colleagues see it, but there's been three or four of these I've seen in the last year where the judge has not exactly described the same waiver of appeal that the parties agree to. And in each case, this has caused us different degrees of heartburn  And I would urge the U.S. Attorney's Office, if they want their waivers to be upheld, they have to have the district court give the correct language. And the only way to do that is to raise the issue before the district court. Now, I'm not sure if that will, in the end, I mean, there will be a waiver, but it's the best argument. We wouldn't have this question about, is there conflicting statements by the judge and conflicting statements in the plea agreement. And it can be done simply by saying, Your Honor, do you mean to say, and if the judge says yes, then it's clearly on the record and you've got your waiver, as it were. Well, thank you, and I'll be sure to take that back, that advice back to the office. But again, like I said, not knowing the facts of Godoy, the government does still believe that this is an effective plea waiver. I'm sorry, appeal waiver. And so addressing the merits as far as the loss calculation, this court reviews loss calculation for clear error. There was no clear error in the trial court's decision in this case as far as what the loss calculation was. Both the appellant in his statement of offense, which he agreed to, and as the court cited to, agreed that this was work that he was under, he felt he was undercompensated and overworked, and that he created these companies to then receive money that he thought that he was due. There is no credit for that type of work, because there is no fair market value in work that he was already paid as a salaried employee to do. And so when the court in this case heard both sides of the argument, the court found... What if he was a really bad employee, and he couldn't get his work done, but he had really great employees on the outside who could really do it well, and they did a good job, and if he had done it, he would have done a bad job? Isn't there a benefit to the corporation from that? Well, at that point, if there were outside employees doing the work, then my assumption based on the hypothetical is that they would be getting paid, not the defendant, not the appellant, but here, appellant was a salaried employee, meaning he was supposed to be doing this work, and there's nothing in the record to suggest that the work that was completed by these sham corporations was not a part of his job description as a salaried employee. And so he didn't at any point, according to the record, go to his supervisors and say, hey, I need more money. He just started billing his sham corporations for work that he as a salaried employee was to do. And so when the court listened to both sides, the court actually addressed this at length during the sentencing agreement after hearing both arguments and said that the court did not agree with the assessment that this was work that somehow benefited the company outside of what the company had already paid appellant to do. So basically, they were being double billed for the work that was done. And so as far as the loss calculation, the loss calculation should, there's no clear error in it, and the court should find that that was the appropriate loss calculation. Again, it's for clear error. The standard of review is clear error, and there is no clear error here, and it's not been established by appellant that there is an error. And with that, the calculation of his sentence would still be within the guideline range. And just to address one of the questions I think before as far as the guideline range, the appellant agreed that a reasonable sentence would be between 18 and 24 months, and the government asserted that 24 to 30 months would be the appropriate sentence. As this court noted in Thompson, this court has previously said that if the court says that the same sentence would have been implemented under either guideline calculation, they won't remand it. And I would ask that you do the same thing here, because the court clearly stated that even if under appellant's review or calculation, she would have given the same sentence. But I wanted to note that even under appellant's loss calculation, 24 months is still within that guideline. So there isn't something that's outside of the guideline range, even under appellant's assessment of the loss. And so the amount of loss just doesn't get factored into that range? I'm sorry, which range is the court referring to? Well, the guideline talks about anything over $120,000. Right. And that was under the government. And so appellant's trying to get below that. Yes. And under the appellant's assessment, the range would still be 18 to 24 months. And the court's sentence of 24 months is still within the range, even if you consider appellant's loss calculation, which would put him in the 15 range for the calculation. Excuse me. Under appellant's position, he's under $120,000, isn't he? Yes. So then the guideline allowing the 10 times the amount doesn't kick in? No, but the guideline calculation for appellant, I believe, was $70,000, and that still places him at a calculation of 15, and the guidelines range for a score of 15 is 18 to 24 months. So that's why I thought the district court made the other alternative. Yes. So the only argument or the question I have about that reasoning is, it's a little curious when a district court says, okay, I think the government's correctly calculated the guidelines range, and I look at the offense characteristics, and I'm going to sentence this defendant to the lower end of the guideline range. And then in the alternative, she says, but I also see that the defendant has an argument about calculating the guideline range differently. There I would put the defendant at the higher end. It actually seems like if you have defendant characteristics or whatever they are that makes you inclined to sentence at the low end, wouldn't you be inclined to sentence at the low end of either range? And I just wonder if you could address that. It seems a little anomalous to sort of say 24 in either, because in one range it's at the low end and the other range it's at the high. Right. And, Your Honor, I don't recall the district court saying that she was sentencing him at the low range of the guideline. I think if there was a reference to that, it would have been the low end of the government's calculation, which the government did request a sentence at the low end of the guideline, understanding that it was 24 to 30 months. But from my reading of the record, what I recall is that the court said 24 months was appropriate under either review of the, under either party's assessment of the loss calculation, meaning that 24 months would have been the sentence either at the high end of the guideline if she credited the appellant's assessment of the loss or at the low end if she credited the government's, which she did. And if there are no further questions, the government asks that you affirm the decision of the district court. Thank you. I would just return briefly to say that I couldn't agree with Judge Pilhard more about her observation that under one scheme the sentencing guideline of 24 months would be at the low end of the range, and if the district court improperly calculated the loss figure, her sentence of 24 months would be at the high end. Where did the district court say she was sentencing at the low end? She had this quote that she referred to that showed that the average sentence for this type of offense was 24 months. She thought it was a very serious offense. Yes, but we'd also disagree with that calculation as well, because as the district court, as the trial counsel in the district court suggested, the court's figure, using the figure from the statistical guideline book, showed the range of where a person was sentenced to imprisonment, the average sentence was 24 months. But we would suggest that the court didn't take into consideration the probably larger number of first offenses in which a defendant was not sentenced any time at all to put up probation. She referred to an average. Yes, the average of incarceration, not necessarily the average of, if you take 100 people and 90 of them are sentenced to probation and 10 are sentenced to imprisonment, that figure of the average is the average sentence of imprisonment. But she went chapter and verse over why she thought this was a serious offense warranting 24 months. Well, she did that. There's no question about it. But at the same time, in effect, she... I mean, what's our standard of view there? Clear error. Well, it's presumed reasonable. I understand that, Your Honor. Thank you, Your Honor. Okay, we'll take the case under submission. You may call the next case.
judges: Garland, Rogers, Pillard